Frank A. Angileri (MI BAR No. P45611)
Thomas W. Cunningham (MI Bar No. P57899)
Rebecca J. Cantor (MI Bar No. P76826)
William E. Thomson, Jr. (SBN 47195)
Rolando J. Tong (SBN 216836)
fangileri@brookskushman.com
tcunningham@brookskushman.com
rcantor@brookskushman.com
wthomson@brookskushman.com
rtong@brookskushman.com
**BROOKS KUSHMAN P.C.**
1000 Town Center – Twenty Second Floor
Southfield, MI 48075
Tel.: 248.358.4400
Fax: 248.358.3351

Attorneys for Plaintiff
RawCar Group LLC dba
CFI Medical Solutions

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAWCAR GROUP, LLC d/b/a CFI MEDICAL SOLUTIONS, a Michigan corporation,<br><br>        Plaintiff,<br><br>v.<br><br>GRACE MEDICAL, INC., a Nevada corporation, PULSE MEDICAL, INC., a Georgia corporation, PREFERRED MEDICAL PRODUCTS, a Tennessee company,<br>        Defendants. | Case No.  3:13-cv-01105-H-BLM<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. ii

I.    INTRODUCTION ............................................................................. 1

II.   BACKGROUND FACTS ..................................................................... 2

      A.    The Document Requests ........................................................... 2

      B.    The Invalidity Contentions ....................................................... 6

      C.    The Privilege Log ................................................................... 7

III.  ARGUMENT .................................................................................... 8

      A.    Defendants Should be Required to Supplement Their Document
            Production ............................................................................. 8

      B.    Defendants Should be Required to Supplement Their Invalidity
            Contentions ........................................................................... 9

      C.    Defendants' Privilege Logs Fail To Substantiate Withholding
            Documents Subject To Any Privilege ...................................... 11

            1.    Fed. R. Civ. P. 26(b)(5) Requires A Particularized Showing
                  Of Privilege On A Privilege Log .................................. 12

            2.    Defendants Should Be Compelled To Provide the Identity
                  and Position of Those Involved in the Communications and
                  the Identity of Each Addressee and Each Recipient ......... 14

            3.    Defendants' Should Be Compelled Fail To Make a *Prima
                  Facie* Showing of Privilege ......................................... 15

            4.    Defendants Should Produce All Entries Between Non-
                  Attorneys For *In Camera* Review .............................. 16

IV.   CONCLUSION ................................................................................ 18

# TABLE OF AUTHORITIES

## CASES

*Ariad Pharms., Inc. v. Eli Lilly & Co.,*
  598 F.3d 1336 (Fed. Cir. 2010) .......................................................... 10

*Chao v. Mazzola,*
  2006 WL 2319721 (N.D. Cal.) ............................................................ 15

*Coleman v. Schwarzenegger,*
  2008 WL 4415324 (N.D. Cal. and E.D. Cal.) ........................................ 12, 15

*Friends of Hope Valley v. Frederick Comp.,*
  268 F.R.D. 643 (E.D. Cal. 2010) ....................................................... 12, 14

*Go. V. Rockefeller Univ.,*
  280 FRD 165 (SDNY 2012) ............................................................... 13

*In re Grand Jury Investigation,*
  974 F.2d 1068 (9th Cir. 1992) .................................................. 11, 12, 14, 16

*Kelly v. Crate & Barrel,*
  2008 WL 2233568 (E.D. Cal.) ............................................................ 12

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,*
  2006 WL 463525 (N.D. Cal.) ............................................................... 9

NessCap. Co., Ltd. v. Maxwell Techs., Inc.,
  2008 WL 152147 (S.D. Cal.) ............................................................. 8, 11

*Sick A.G. v. Omron Sci. Techs. Inc.,* No. C 06-2028,
  2007 WL 1223675 (N.D. Cal.) ........................................................... 9, 10

*U.S. v. Graf,*
  610 F.3d 1148 (9th Cir. 2010) ............................................................ 14

*Zelaya v. Unicco Service Co.,*
  682 F.Supp.2d 28 (D.D.CC. 2010) ....................................................... 13

## STATUTES

35 U.S.C. §112 ........................................................................ 1, 6, 9, 10, 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.  INTRODUCTION

Defendants Preferred Medical Products ("Preferred"), Grace Medical, Inc. ("Grace") and Pulse Medical, Inc. ("Pulse") refuse to meaningfully and cooperatively participate in discovery in this case.  Plaintiff RawCar Group, LLC ("CFI") has bent over backwards to give Defendants every opportunity to meet their obligations, including numerous meet and confers and four (4) conferences with Magistrate Judge Major's law clerk, but to no avail.  CFI was forced to bring this motion.

There are three types of deficiencies for which CFI seeks relief.  First, Defendants stalled for months before providing documents and then failed to produce substantial groups of requested documents.    The minor objections to the requests were later withdrawn, however, the requested documents have still not been produced.  CFI requests that this Court compel the requested documents.

Second, Defendants invalidity contentions are woefully inadequate.  For one of the two patents-in-suit, Defendants fail to provide "[a] chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found," instead referring CFI to the chart for the other, different patent-in-suit. Defendants also failed to make the required disclosures for obviousness or provide the detailed grounds for invalidity for failing to satisfy the requirements of 35 U.S.C. § 112.  Finally, the documents required to be produced with the contentions were not provided.  CFI requests supplementation.

Finally, one Defendant refuses to produce a privilege log and the other two produced a log asserting attorney-client privilege for numerous documents that fails to detail the nature of the privileged communications and includes numerous entries between non-attorneys that do not appear to be privileged.  CFI requests that this Court require supplementation of the privilege log and review the communications between non-attorneys *in camera* to determine if a privilege exists.

## II. BACKGROUND FACTS

### A.     The Document Requests

CFI first served document requests on the Defendants in July, over three months ago.  Since then, Defendants have only produced minimal documents, and have wholly failed to produce certain categories of requested documents.  More specifically, Defendants have failed to produce certain documents regarding their sales of the infringing product, including purchase orders, bids and invoices, any financial data relating to their sales of the infringing product such as profit and loss information, or any manufacturing documents related to the infringing product.  All of these categories of documents were the subject of document requests to each of the Defendants.

In addition, after reviewing the documents that the Defendants did produce, CFI has noticed some disturbing irregularities.  In particular, there are numerous e-mails exchanged between at least two of, or all three, defendants in this case, both prior to and after the Complaint was filed.  Yet, although some of these e-mails were in one Defendants' production, they were not in another's e-mail production.  This

raises the question of not only whether the Defendants have adequately searched their documents, but also of what other documents might be missing.

CFI requested that each Defendant search their e-mail for the following terms to ensure that all documents were produced:

> C ARM, C-ARM, C SHIELD, C-SHIELD, Drape, Pittman (Preferred need not search this term), Czop, Lochner, Kaska, Boyce (Pulse need not search this term), Sierra (Grace need not search this term), CFI, 8,042,549, 8042549, 8,286,637, 8286637, 549 and patent, 637 and patent.

Defendants refused.

CFI has worked diligently to attempt to address the deficiencies described above.  Indeed, as the chart below shows, CFI has given the Defendants multiple opportunities to cure their document production.

| Date | Event[1] |
|---|---|
| 23-Jul-13 | Discovery Served (Ex A, First Document Requests to Preferred Medical; Ex. B, First Document Requests to Grace Medical; Ex. C. First Document Requests to Pulse Medical.) |
| 20-Aug-13 | Written Responses to Discovery (only objections are confidentiality, privilege and vague requests) (Ex. D, Defendants' Responses to Plaintiff's First Discovery Requests |
| 21-Aug-13 | Letter from T. Cunningham to C. Thorpe Outlining Deficiencies in Responses. (Ex. E, Letter from Cunningham to Thorpe) |
| 4-Sep-13 | Pulse produces 18 pages of documents; Preferred produces 2 pages of documents.  Both sets of documents relate to sales. (Ex. F; E-mail from C. Thorpe to Cunningham) |
| 5-Sep-13 | Telephonic meet and confer; Confidentiality and vagueness objections removed; Defendants agree to produce detailed claim charts, privilege log, supplemental interrogatories and documents. |

---

[1]  The communications discussed in this chart are being provided to the Court as attachments to the Notice of Lodgment of Exhibits.

| Date | Event[1] |
|------|----------|
| 9-Sep-13 | Confirming letter from T. Cunningham to C. Thorpe re: meet and confer. Rolling production will start immediately, best effort to complete by September 20. Letter requests that C. Thorpe identify any misstatements in letter concerning meet and confer. No misstatements are identified. (Ex. G, Letter from Cunningham to Thorpe.) |
| 23-Sep-13 | Follow-up e-mail from T. Cunningham to C. Thorpe asking if documents went out. (Ex. H, E-mail from Cunningham to Thorpe.) |
| 24-Sep-13 | E-mail from Thorpe to Cunningham. Says documents **are already collected and are being reviewed**. Will be produced the next week (by October 4). (Ex. I, E-mail from C. Thorpe to Cunningham.) |
| 4-Oct-13 | Still no documents produced. |
| 8-Oct-13 | Conference and letter between T. Cunningham and C. Thorpe requesting document production again by October 15, 2013. (Ex. J, Letter from Cunningham to Thorpe.) |
| 15-Oct-13 | E-mail from C. Thorpe to T. Cunningham saying she plans to make production that day. (Ex. K, E-mail from C. Thorpe to Cunningham.)<br><br>No production again as promised. |
| 17-Oct-13 | E-mail from T. Cunningham to C. Thorpe asking about documents. (Ex. L, E-mail from Cunningham to Thorpe.) |
| 17-Oct-13 | Conference between T. Cunningham and C. Thorpe during which C. Thorpe again promises that documents will be e-mailed that night.<br><br>No documents produced again. |
| 18-Oct-13 | E-mail from T. Cunningham to C. Thorpe asking about documents. (Ex. M, E-mail from Cunningham to Thorpe.) |
| 18-Oct-13 | Preferred produces 80 pages of documents, which are clearly missing substantial categories of documents that were requested.<br><br>No documents for Grace or Pulse. |
| 18-Oct-13 | E-mail from T. Cunningham to C. Thorpe asking if production was complete. (Ex. N, E-mail from Cunningham to Thorpe.) No response. |
| 21-Oct-13 | E-mail to C. Thorpe requesting times for Court conference. (Ex. O, E-mail from Cantor to Thorpe.) No response. CFI sets up Conference with Court clerk. |

| Date | Event[1] |
|------|----------|
| 23-Oct-13 | Conference with Court. C. Thorpe promises: 1.) additional Preferred documents, 2) Grace production; 3) Promises production and 4) privilege log by Friday, October 25. Additional Court conference set up to follow-up. |
| 25-Oct-13 | During conference, C. Thorpe e-mails documents for Grace, Preferred and Pulse. Privilege log promised by end of day. Follow-up conference set for Monday, Oct. 28 after CFI reviews production. |
| 25-Oct-13 | Document productions still grossly deficient; no privilege log produced. |
| 26-Oct-13 | Defendants serve Invalidity Contentions (Ex. P.) |
| 27-Oct-13 | E-mail from Cunningham to C. Thorpe outlining deficiencies in Invalidity Contentions. (Ex. Q, E-mail from Cunningham to Thorpe.) |
| 27-Oct-13 | E-mail from Cunningham to C. Thorpe requesting confirmation that certain terms were searched in producing e-mails. (Ex. R, E-mail from Cunningham to C. Thorpe.) No response. |
| 28-Oct-13 | Conference with Court. CFI points out document deficiencies; C. Thorpe says she will look into it. Thorpe says her invalidity contentions are complete and will not supplement. At conference, she says she will produce privilege log later in day. Privilege log produced for Preferred and Pulse. (Ex. S, First Privilege Log) Additional follow-up conference set for October 31, 2013. |
| 28-Oct-13 | E-mail from Cunningham to C. Thorpe outlining deficiencies in privilege log, including no description of nature of privilege claim and identities and positions of parties to communications not disclosed. Case law support provided. (Ex. T, E-mail from Cunningham to C. Thorpe.) |
| 28-Oct-13 | Supplemental privilege log produced in which e-mail subject headings are added as description of nature of privilege. (Ex. U, Supplemental Privilege log) |
| 28-Oct-13 | E-mail from Cunningham to C. Thorpe outlining same deficiencies in privilege log. Case law support provided. (Ex. V, E-mail from Cunningham to C. Thorpe.) No response. |
| 31-Oct-13 | Conference with Court. C. Thorpe says document productions are complete and will not supplement privilege log. Court clerk informed that motion to compel will be filed by CFI. |

1
2
3
4

Given the impending depositions of the Defendants, however, CFI feels that it has no choice but to file this motion seeking to compel Defendants to comply with their discovery obligations.

5

**B.    The Invalidity Contentions**

6
7
8
9
10
11
12
13
14
15
16

Defendants served their invalidity contentions on October 25, 2013 pursuant to the Court's scheduling order.   Unfortunately, these invalidity contentions were severely lacking.   More specifically, there are two patents-in-suit, U.S. Patent No. 8,042,549 (the "'549 patent") and U.S. Patent No. 8,286,637 (the "'637 patent").   For the '549 patent, Defendants did provide an explanation for why it believes three independent claims are anticipated.   For the '637 patent, on the other hand, the entirety of Defendants' contentions were as follows: "For claims 1, 13, 21, and, 25 of the '637 patent see claims 1, 29, and 30 of the '549 patent for similar elements for [the prior art reference]."[2]

17
18
19
20
21

Defendants also assert in their invalidity contentions that the claims of the '549 and '637 patent are obvious.   Yet Defendants do not include any explanation of "why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness."   L.P.R. 3.3(b).

22
23
24
25
26

Finally, Defendants invalidity contentions allege that "each of the asserted claims of the 637 (except claim 18) is indefinite based on lack of written description or lack of enabling disclosure."   This statement is simply nonsensical—indefiniteness is a separate requirement from written description and enablement under 35 U.S.C.

27
28

[2]  It should also be mentioned that Defendants have wholly failed to comply with Patent Rule 3.4 by failing to produce any documents with the Contentions.

§112.  In a call with the Court's law clerk, defense counsel acknowledged that this was an error, and that the statement should read that the claims are invalid based on lack of written description or lack of enabling disclosure.  Defense counsel also promised to amend the invalidity contentions to reflect this.  To date, however, CFI has not received any updated invalidity contentions fixing this error. Notwithstanding, the defenses are not detailed enough to put CFI on notices of the defenses.

## C.    The Privilege Log

Although document requests went out in July, CFI did not receive any privilege logs until October 28, 2013.  Even then, Grace provided no log and the logs provided by Preferred and Pulse were severely deficient.   In the first log, there was no description whatsoever of the nature of the document. (Ex. S, Initial Privilege Log).  After CFI's letter sent a letter outlining the deficiencies (Ex. T), Defendants' supplemented by adding the subject headers for the privileged e-mails into the log as the description of the nature of the document. (Ex. U.)  Numerous other deficiencies remained, including no disclosure of the positions of those names in the log—who they were or whether they were attorneys.  Defendants refuse to supplement any further.

In addition, there are numerous entries in the log that appear to be communications between solely non-attorneys.  There is nothing in the description to indicate that legal advice was being discussed.  CFI seeks *in camera* review of these e-mails for a determination of privilege

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# III.     ARGUMENT

## A.     Defendants Should be Required to Supplement Their Document Production

As discussed above, there are three types of documents CFI is seeking to compel from Defendants—sales documents, financial documents and manufacturing documents.  There can be no question that the sales and financial documents fall into the scope of the document requests CFI served on Defendants.   For example, Document Request No. 25 seeks "documents sufficient to show the cases, distribution, importation, sales, and profits associated with the Accused Product."  This clearly would include both sales documents and financial documents.  Similarly, Document Request No. 36 seeks "Documents sufficient to show the **sales, profits and revenues made by you** on a monthly, quarterly, and annual basis from 2010 to the present as a result of the Accused Product" (emphasis added).  Again, there can be no question that this request seeks the sales and financial documents Defendants have failed to produce.

Moreover, Defendants have dropped all of their objections to CFI's document requests, and indeed had never claimed that the documents requested by CFI were irrelevant to the claims or defenses in this case.  Thus, Defendants have no basis for their continued refusal to produce the outstanding documents.  This Court should thus compel Defendants to produce them.

With respect to the manufacturing documents, Request No. 5 to Preferred seeks: "All documents related to the conception, design, development,

implementation, testing, production and operation of the Accused device.[3]"   Yet nothing was produced.  Defendants assert there are no such documents.  This simply cannot be the case as Preferred is the manufacturer.  These are surgical products, which is a highly regulated industry.  It is simply not credible that the Accused surgical products could be designed and manufactured without any documents.  This Court should order the requested categories of documents.

## B.   Defendants Should be Required to Supplement Their Invalidity Contentions

Local Patent Rule 3.3(c) requires an alleged infringer to provide:

> A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function

Here, Defendants' invalidity contentions do not meet this requirement with respect to the '637 patent.  Rather, as discussed above, Defendants simply state "For claims 1, 13, 21, and, 25 of the '637 patent see claims 1, 29, and 30 of the '549 patent for similar elements for [the prior art reference]."   Not only is such a disclosure insufficient to allow CFI to understand and investigate Defendants' invalidity theories, but it also goes against the purpose of the Patent Rules, which is to "force the parties to explicitly state their theories of the case and to adhere to those theories

---

[3]   The Defendants were also required to produce these documents pursuant to Local Patent Rule 3.4(a).  As this Court has previously held, Rule 3.4(a) requires a defendant "to produce '**any and all documents** describing the operation or structures of [the patentee's] accused devices."  *NessCap. Co., Ltd. v. Maxwell Techs., Inc.*, No. 07cv0704, 2008 WL 152147, at *3 (S.D. Cal. Jan 16, 2008) (Major, J.; emphasis in original).

once disclosed." *Sick A.G. v. Omron Sci. Techs. Inc.*, No. C 06-2028, 2007 WL 1223675, at *2 (N.D. Cal. Apr. 24, 2007).

When a party fails to provide an adequate claim chart, it is appropriate for a court to require that party to supplement its contentions.  See *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, No. C 01-4925, 2006 WL 463525, at *4 (N.D. Cal. Feb. 24, 2006) (noting that the Court had previously required the defendant to serve new invalidity contentions because the defendants failed to provide "detailed, claim-by-claim, element-by-element claim charts") (overruled on other grounds).  Here, the Court should require Defendants to provide a detailed claim chart on an element-by-element basis for the '637 patent.

Defendants contentions for both of the patents-in-suit also fail to comply with Rule 3.3(b), which requires that alleged infringers disclose:

> Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness

Here, Defendants' invalidity contentions state that the prior art "anticipates or renders obvious certain asserted claims" (emphasis added).  Yet Defendants do not identify which claims are rendered obvious, provide no explanation whatsoever of why the prior art renders the asserted claims obvious and do not identify any combinations or prior art showing obviousness.  If Defendants do plan to make obviousness allegations, this Court should require them to specifically identify each combination of prior art, what claims the combination purportedly renders obvious and what the motivation would be for combining the prior art references.  *See Sick*

*A.G.*, 2007 WL 1223675, at *2 (ordering a defendant to "explicitly identify each combination of prior art that allegedly renders a claim obvious and the motivation for combining the items").

In addition, Defendants' allegations with respect to 35 U.S.C. §112 are both contradictory and incomplete.  Indeed, as discussed above, for the '637 patent, Defendants stated "each of the asserted claims of the '637 (except claim 18) is indefinite based on lack of written description or lack of enabling disclosure."  Yet the law is clear that indefiniteness, written description and enablement are three separate requirements.  *See*, *e.g.*, *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1340 (Fed. Cir. 2010) (*en banc*); *see also* 35 U.S.C. §112.  Not only can a claim not be indefinite for lack of written description or lack on enablement, but Defendants also do not explain why any claim of the '637 patent fails to comply with the requirements of 35 U.S.C. §112.  Thus, Defendants should be required to supplement or withdraw their invalidity contentions with respect to 35 U.S.C. §112.

Finally, Defendants have fully failed to comply with Local Patent Rule 3.4, which requires that the alleged infringer produce "any and all documents describing the operation or structures of the [] accused devices", *NessCap Co.*, 2008 WL 152147, at *3 (quotations and emphasis omitted) and a copy of each prior art identified in the invalidity disclosures.  The Court should order Defendants to make the requisite production pursuant to Rule 3.4.

## C.    Defendants' Privilege Logs Fail To Substantiate Withholding Documents Subject To Any Privilege

Defendants cannot corroborate their assertions of attorney-client privilege, despite multiple attempts to meet-and-confer.  CFI respectfully requests that the

Court order Defendants to supplement their privilege log immediately to provide: 1) the name and position of each party named; 2) the identity (separately) of each author, each addressee and each recipient that was copied; and 3) details outlining the grounds of the privilege sufficient to allow CFI to evaluate the propriety of the privilege designation.  With respect to certain e-mails that do not involve attorneys, CFI requests that this Court conduct an *in camera* review of these documents to determine if they are privileged.

### 1.    Fed. R. Civ. P. 26(b)(5) Requires A Particularized Showing Of Privilege On A Privilege Log

Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure requires a party claiming privilege to:  "(i) expressly make the claim; and (ii) describe the *nature* of the documents, communications, or other tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" (emphasis added).  In the Ninth Circuit, and most courts, "the most common way is by using a privilege log..." *Id.; In re Grand Jury Investigation, 974* F.2d 1068, 1071 (9th Cir. 1992).

At a minimum, the log should provide: 1) a description of the nature of the document; 2) identity and position of its author; 3) date it was written; 4) identity and position of all addressees and recipients; 5) document's present location; and 6) specific reasons why it was withheld, that is, privilege invoked and grounds thereof.  *Martinez v. City of Fresno, Ca.*, 2006 WL 3762050 (E.D.Cal. 2006); *Friends of Hope Valley v. Frederick Comp.*, 268 F.R.D. 643 (E.D. Cal. 2010).

"[T]he 'party must... provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection.'" *Burlington*

1   *Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont*, 408 F.3d 1142,

2   1147 (9th Cir. 2005).  District Courts in California require that "a proper assertion of

3   privilege be more specific than generalized," and that "boilerplate assertions in a

4   privilege log are insufficient to invoke an evidentiary privilege." *Hoot Wine, LLC v.*

5   *RSM McGladrey Fin. Process Outsourcing, LLC*, No. 08-cv-1559, 2009 WL

6   3857425, at *4 (S.D. Cal. Nov. 16, 2009) (citation omitted). "Descriptions [on a

7   privilege log that] are short and vague, so as to provide the reader with minimal

8   information with which to evaluate the claim of privilege" must be rejected. *Coleman*

9   *v. Schwarzenegger*, Nos. CIV-S-90-0520, C01-1351, 2008 WL 4415324, at *2 (N.D.

10  Cal. and E.D. Cal. Sept. 25, 2008).  See also *Kelly v. Crate & Barrel*, No. CIV S-07-

11  0232, 2008 WL 2233568, at *3 (E.D. Cal. May 28, 2008) (privilege log fails to

12  comply with Fed. R. Civ. P. 26(b)(5) when it gives insufficient information to test

13  and determine the validity of the assertion of privilege); *Coleman v. Schwarzenegger*,

14  2008 WL 2237046, at *5 (N.D. Cal. and E.D. Cal. May 29, 2008) (privilege log

15  entries rejected where the description of each documented was "too conclusory to

16  permit an adequate assessment of the claim of privilege."). Courts outside the Ninth

17  Circuit are in accord. *See Victor Stanley*, 250 F.R.D. at 265 (disapproved of privilege

18  logs where entries are "so cryptic" that the "log falls far short of its intended goal of

19  providing sufficient information.").

20          The party asserting privilege carries the burden of proof. *Coleman*, 2008 WL

21  2237046, at *3 (citation omitted); *In re Grand Jury Investigation, 974* F.2d at 1071

22  (party asserting attorney-client privilege bears the burden of proof).  Defendants have

failed to meet their burden of proof as set forth in Rule 26(b)(5) and the relevant cases.

### 2.      Defendants Should Be Compelled To Provide the Identity and Position of Those Involved in the Communications and the Identity of Each Addressee and Each Recipient

Defendants provide names of numerous individuals on the log of which CFI has little or no knowledge. Such individuals include, as an example, Randy Southern (Nos. 1-2), Stephanie Smith (Nos. 5, 120), Patti Pittman (Nos. 6, 10, 20, 25-27, 35, 39-40, 42-47, 50, 67-68, 75, 78-80, 84-86, 89, 95, 99-101, 102-107, 109, 113 and 122), Brian Horne (Nos. 55-56), April Glenn (63) and Ken Hoffmeister (Nos. 115, 117, and 123). Three (3) entries for e-mails name a former defendant called A&B Medical Specialties (Nos. 57, 97 and 112) but fail to identify the individual on the communication. Defendants' counsel was asked to provide the names and positions of each person on numerous occasions but refuses. Instead, she stated that CFI could find out that information when it takes the depositions of the parties. Defendants had a burden to establish the privilege at the time it was asserted. CFI cannot possibly evaluate whether the privilege applies if it does not know if the individuals are attorneys or are even employees of the parties.

Defendants also refused to identify which recipients were the addressees on each communication and which were merely copied. This information must be provided so that the attachment of the privilege can be evaluated. Courts have required this information because a corporation cannot insulate its files from discovery merely by copying an attorney on the e-mail. *Zelaya v. Unicco Service Co.*, 682 F.Supp.2d 28, 39 (D.D.CC. 2010). Indeed, courts require that addressees

and recipients be specifically identified.  *Go. V. Rockefeller Univ.*, 280 FRD 165, 175 (SDNY 2012) (separate list of addressees and cc's required.)

### 3.   Defendants' Should Be Compelled Fail To Make a *Prima Facie* Showing of Privilege

The attorney-client privilege[4] protects communications between a client and an attorney from disclosure: "(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advice, (8) unless the protection be waived." *U.S. v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010). It is defendants' burden in the privilege log to make a *prima facie* showing that there is a protected privilege. *In re Grand Jury Investigation, 974* F.2d at 1071 (party asserting attorney-client privilege bears the burden of proof).  Defendants' log fails miserably.

The descriptions in Defendants' privilege log do not come close to meeting Defendants' burden of establishing that a privilege exists.  It is clear from review of the log that the descriptions in all 138 entries are not sufficient to establish an attorney-client privilege for any of them.  Indeed, it appears that for most almost all the entries, defendants simply put the e-mail subject header as the privilege description.   Courts have found this to be "patently deficient." *Friends of Hope Valley v. Frederick Comp.*, 268 F.R.D. 643 (E.D. Cal. 2010).  In *Friends of Hope*

---

[4] Defendants made no assertion that any communications were protected by the work product privilege.

*Valley*, the Court stated: "Plaintiff appears to have just copied the subject line from the e-mail or letter withheld.   … This is patently deficient." *Id.*

Three entries (Nos. 27, 28 and 63) have no description at all.   Numerous other entries have a one or two word descriptions such as "Sales" (No. 14) or "Video" (Nos. 34-35) or "Meeting" (Nos. 41, 44 and 45) or "Phone Call" (Nos. 16 and 17). Numerous others just have the name of the lawsuit (e.g., Nos. 38-40).  As in *Friends of Hope Valley*, this is "patently deficient."   CFI requests that this court compel Defendants to supplement the privilege logs to provide the requested information.

### 4. Defendants Should Produce All Entries Between Non-Attorneys For *In Camera* Review

Defendants also designated sixty-one (61) other entries as privileged although they appear to be communications with no attorney involved.  These include Nos. 1-2, 5-6, 8, 10, 12, 17, 20-21, 24-28, 32-35, 39-40, 42-44, 46-47, 50, 55-57, 63, 67-68, 73, 75, 78-80, 84-86, 89, 95-100, 103-107, 109, 112-113, 116, 118, and 120-122.) The designation of attorney-client privilege here is particularly troubling because none of these communications appear to involve any attorneys.  CFI requests that this Court review these communications *in camera* to determine if withholding them based on privilege was appropriate.

Where, as here, the dispute involves internal communications involving only non-attorneys, those communications are protected only if one non-attorney "is acting at the behest of an attorney or [if] the parties are expressly discussing attorney advice." *Chao v. Mazzola*, No. C-04-4949, 2006 WL 2319721, at *2 (N.D. Cal. Aug. 10, 2006).   "The purpose of the communication must be to obtain or facilitate the obtaining of legal advice." *Id.*   Defendants' descriptions  as to the applicability of the privilege do not allow CFI to determine if either the author or recipient of those

communications is acting at the behest of an attorney or whether the parties are expressly discussing attorney advice.  Thus, defendants have not met their burden.

CFI respectfully requests that the Court conduct an *in camera* review of these documents and order Defendants to produce any documents, as necessary, that are not protected by the attorney-client privilege. *See Coleman*, 2008 WL 4234239, at *2 (court conducted *in camera* review of the disputed documents and ordered production noting that "in the Ninth Circuit the rules of evidence...do allow for *in camera* review"); *Hoot Wine, LLC*, 2009 WL 3857425, at *4-5 (documents submitted for *in camera* review where Plaintiffs privilege log is inadequate, and where Plaintiff fails to explain why both the attorney client and work product privileges are applicable).

As the Ninth Circuit has explained, "[t]o empower the district court to review the disputed materials *in camera*, the party opposing the privilege need only show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged.  If the party makes such a showing, the decision whether to conduct the review rests within the discretion of the district court." *In re Grand Jury Investigation*, 974 F.2d at 1075.   Here, a sufficient factual basis exists for *in camera* review.  Defendants have failed to provide any evidentiary bases for their privilege assertions, despite many attempts to meet and confer.  An *in camera* review will determine if the documents are truly privileged.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.      CONCLUSION

For the foregoing reasons, CFI respectfully requests that the Court require Defendants to supplement their documents, invalidity contentions and privilege logs.

Dated: November 1, 2013          Respectfully submitted,


By:  /s/  Thomas W. Cunningham
    Frank A. Angileri (MI BAR No. P45611)
    Thomas W. Cunningham (MI Bar No. P57899)
    Rebecca J. Cantor (MI Bar No. P76826)
    William E. Thomson, Jr. (SBN 47195)
    Rolando J. Tong (SBN 216836)
    fangileri@brookskushman.com
    tcunningham@brookskushman.com
    rcantor@brookskushman.com
    wthomson@brookskushman.com
    rtong@brookskushman.com
    **BROOKS KUSHMAN P.C.**
    1000 Town Center – Twenty Second Floor
    Southfield, MI 48075
    Tel.: 248.358.4400 / Fax: 248.358.3351

    *Attorneys for Plaintiff*