1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

10

RAWCAR GROUP, LLC,

CASE NO. 13-cv-1105 H (BLM)

11

Plaintiff,

**PRETRIAL ORDER**

vs.

12
13
14

GRACE MEDICAL, INC., PULSE
MEDICAL, INC., PREFERRED
MEDICAL PRODUCTS, and A&B
MEDICAL SPECIALTIES, LLC,

15

Defendants.

16
17
18
19
20

Unless otherwise amended, and absent further order of the Court, the Court incorporates previous scheduling orders into this pretrial order. Following pretrial proceedings pursuant to Fed. R. Civ. P. 16 and Civil Local Rule 16.1, and following a hearing on October 21, 2014, the Court orders:

21

## I.   NATURE OF ACTION

22
23
24
25

This is an action for willful patent infringement. In this case, the Plaintiff is RawCar Group, LLC d/b/s CFI Medical Solutions ("CFI") and the Defendants are Grace Medical, Inc. ("Grace Medical"), Pulse Medical, Inc. ("Pulse Medical"), and J. Randall Pittman D/B/A Preferred Medical Products and Preferred Medical Products, LLC (collectively "Preferred Medical").

26
27
28

CFI asserts that two patents exclusively licensed by CFI, U.S. Patent Nos. 8,042,549 ("the '549 Patent") and 8,286,637 ("the '637 Patent") (collectively, "the

Patents-in-Suit"), were willfully infringed by Defendants' C-SHIELD and Lateral C-Arm Drape products. Defendants asserted that there was no infringement and the patents were invalid.

On summary judgment, the Court granted summary judgment in favor of CFI, finding that both patents were not invalid and also that both patents were infringed by Defendants.

CFI asserts that the patent infringement was willful, or in other words, deliberate. CFI also asserts that it is entitled to damages in the form of its lost profits or a reasonable royalty from Defendants' infringing sales. CFI further asserts that the willful infringement and/or litigation misconduct by Defendants renders this an exceptional case for which the damages may be trebled and attorneys' fees may be awarded pursuant to 35 U.S.C. § 285.

Defendants deny that the infringement was willful. Defendants also assert that CFI cannot present evidence of lost profits or a reasonable royalty pursuant to Fed. R. Civ. P. 26(e) and 37(c). Defendants also deny that the case is exceptional or that CFI is entitled to treble damages and/or attorneys' fees.

The operative pleadings describing the allegations in this case are:

- CFI's First Amended Complaint for Patent, Trademark and Copyright Infringement (ECF. No. 69);
- Defendant Grace Medical's Answer And Counterclaims to Plaintiff's Complaint For Patent, Trademark and Copyright Infringement (ECF No. 19);
- Defendant Pulse Medical's Answer And Counterclaims to Plaintiff's Complaint For Patent, Trademark and Copyright Infringement (ECF No. 21);
- Defendant J. Randall Pittman d/b/a Preferred Medical Products' Answer and Counterclaims to Plaintiff's Complaint for Patent, Trademark and Copyright Infringement (ECF No. 20); and

13cv1105

1    •    Defendant Preferred Medical Products, LLC Answer and

2    Counterclaims to Plaintiff's Complaint for Patent, Trademark and

3    Copyright Infringement (ECF No. 92).

4              **II.   JURISDICTION**

5    This Court has federal jurisdiction over CFI's willful patent infringement

6    claim under 28 U.S.C. §§ 1331 and 1338(a).

7    Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and

8    1400(b).

9              **III.   ADMITTED FACTS**

10   The following facts are admitted and require no proof:

11   1.    Plaintiff RawCar Group, LLC d/b/a CFI Medical Solutions ("CFI") is a

12   limited liability company organized and existing under the laws of the State of

13   Michigan, having a principal place of business at 14241 Fenton Rd., Fenton, MI

14   48430.

15   2.    Defendant Grace Medical, Inc. ("Grace Medical") was a Nevada

16   corporation with its principal place of business located at 2620 S. Maryland Ave, #

17   849, Las Vegas, Nevada, 89109 and a registered office address of 1135 Terminal

18   Way Suite 209, Reno, Nevada.

19   3.    Defendant Pulse Medical, Inc. ("Pulse Medical") is a Georgia

20   corporation with its principal place of business located at 1130 Ada Street Suite B,

21   Blue Ridge, Georgia.

22   4.    Defendant J. Randall Pittman d/b/a Preferred Medical Products

23   ("Preferred Medical") was a sole proprietorship with its principal place of business

24   located at 191 Industrial Dr., Ducktown, Tennessee.

25   5.    Defendant Preferred Medical, LLC ("Preferred Medical") is a limited

26   liability company organized under the laws of Tennessee with its principal place of

27   business located at 191 Industrial Dr., Ducktown, Tennessee.

28   6.    United States Patent No. 8,042,549 ("the '549 patent"), entitled "Sterile

Radiological Drape," issued on October 25, 2011. The named inventor of the '549 patent is Dr. Serge Kaska.

7.      United States Patent No. 8,286,637 ("the '637 patent"), entitled "Sterile Radiological Imaging Unit Drape and Method of Providing a Sterile Surface Therewith," issued on October 16, 2012. The named inventor of the '637 patent is Dr. Serge Kaska.

8.      Both parties' responses and objections to requests for admission are incorporated by reference.

## IV.   RESERVATIONS

The reservations as to the facts recited in paragraph III above are as follows: None.

## V.   UNCONTESTED FACTS

The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary:

1.      On August 28, 2014, the Court issued an order granting Plaintiff's motion for partial summary judgment of infringement of the '549 and '637 patents. The Court ruled that "no reasonable jury could find that the accused product does not have sides, or in fact any of the other claim limitations." The findings in the August 28, 2014 order are uncontested for the purpose of trial but not admitted by Defendants. Only to the extent Defendants will submit evidence of their belief that they did not infringe the patents-in-suit, the findings in the August 28, 2014 order regarding infringement are not to be contested at the trial by evidence to the contrary.

2.      On August 28, 2014, the Court issued an order granting Plaintiff's motion for partial summary judgment of no invalidity of the '549 and '637 patents. The Court ruled that "Plaintiff has identified at least three claim limitations present in the asserted claims and absent from the '120 Patent reference, and no reasonable

13cv1105

jury could find that the '120 Patent anticipates the asserted claims." The findings in the August 28, 2014 order are uncontested for the purpose of trial but not admitted by Defendants. Only to the extent Defendants will submit evidence of their belief that the patents-in-suit were invalid, the findings in the August 28, 2014 order regarding invalidity are not to be contested at the trial by evidence to the contrary.

## VI.   FACTS TO BE LITIGATED

The following issues of fact, and no others, remain to be litigated upon the trial:

The parties incorporate herein by reference their memoranda of contentions of fact and law (ECF Nos. 177 and 194) as a statement of the contentions at issue at trial. As a summary, the following issues of fact remain to be litigated upon the trial:

1.     Whether Defendants' infringement of the patents-in-suit is willful.

2.     The amount of any reasonable royalty damages.

3.     Whether CFI's damages are limited by 35 U.S.C. § 287 as to the '637 patent.

## VII.   EXHIBITS

The exhibits to be offered at the trial, together with a statement of all admissions by and all issues between the parties with respect thereto, are as follows:

**A.     Exhibit Lists**

Ex. A, Plaintiff's Amended Trial Exhibits

Ex. B, Defendants' Objections to Plaintiff's Trial Exhibits

Ex. C, Defendants' Trial Exhibits (ECF No. 194)

13cv1105

Ex. D, Plaintiff's Objections to Defendants' Trial Exhibits

**B.      Exhibit Stipulations**

All exhibits that are internal documents of a party are deemed authentic at trial.

**C.      Final Exhibit List**

The Court reminds the parties to provide separate exhibit lists to the Courtroom Deputy at the status conference on **October 27, 2014** at **10:30 a.m.** (Doc. No. 172 at 3.)

## VIII.   WITNESSES

**A.      Plaintiff**

Ex. E, Plaintiff's Witness List

**B.      Defendant**

Ex. F, Defendants' Witness List

**C.      Witness Issues to Which Defendants Would Not Stipulate**

The parties must notify opposing parties of the identity and the order in which they plan to call live witnesses for the next trial day by 7:30 pm the day before.

## IX.   ISSUES OF LAW

The following issues of law, and no others, remain to be litigated upon the trial:

The parties incorporate herein by reference their memoranda of contentions of fact and law (ECF Nos. 177 and 178) as a statement of the contentions at issue at trial. As a summary, the following issues of law remain to be litigated upon the trial:

1.      Whether Defendants' infringement of the '549, and/or '637 patents is

1   willful.

2       2.     Whether CFI is entitled to a reasonable royalty pursuant to 35 U.S.C. §

3   284.

4

5       3.     Whether CFI's damages for any patent infringement are to be increased

6   pursuant to 35 U.S.C. § 284.

7       4.     Whether CFI is entitled to an order, pursuant to 35 U.S.C. § 283,

8   permanently enjoining and restraining Defendants from continuing to infringe

9   and/or inducing infringement of, any asserted claims of the '549 and/or '637

10   patents.

11

12       5.     Whether CFI should be awarded reasonable attorneys' fees and costs

13   under 35 U.S.C. § 285 and/or 28 U.S.C. § 1927.

14       6.     Whether CFI is entitled to an order that Defendants pay CFI

15   prejudgment and post-judgment interest at the highest statutory rate on CFI's costs

16   and attorneys' fees.

17       7.     The amount of costs to be awarded to CFI pursuant to 35 U.S.C. § 284

18   and Fed. R. Civ. P. 54(d)(1).

19

20       8.     Whether CFI is entitled to an order awarding CFI such other and

21   further relief as may be deemed by this Court to be just and proper.

22       9.     To the extent that any of the issues of fact identified above (and on

23   which CFI bears the burden of proof) might be characterized instead or additionally

24   as issues of law, such issues are incorporated by reference here as issues of law.

25            **X.   PARTY ADMISSIONS**

26       The foregoing admission having been made by the parties, and the parties

27   having specified the foregoing issues of fact and law remaining to be litigated, this

28

order must supplement the pleadings and govern the course of trial in this case, unless modified to prevent manifest injustice.

## XI.   JURY

### A.   Case Tried To Jury

This case will be tried by jury.

### B.   Jury Issues to Which Defendants Would Not Stipulate

CFI proposes the following procedures for the jury at trial. Defendants object.

The Federal Judicial Center tutorial video, "An Introduction to the Patent System," will be shown to the jury after jury selection but before opening statements. The video (located at http://www.youtube.com/watch?v=-q0mLrvw1Yc ) teaches: 1) what patents are? 2) why we have them, 3) how people get patents, and 4) why disputes arise that require resolution by a jury.  The Court finds that the video would be helpful to a jury and not unduly prejudicial to either side.  The Court instructs the parties to inform the Court at the hearing on October 27, 2014, at 10:30 a.m.,whether the parties agree regarding what portion, if any, of the video to show to the jury.

An agreed juror notebook containing, the patents, and witness sheets will be made available to the jury. Witness sheets will contain a head shot, the witness's title, and lines for note taking.  Plaintiff is responsible for preparing the juror notebook and their own witness sheets.  Defendants must provide Plaintiff with their witness sheets for the notebooks.

The jurors can take notes and may use their own notes during deliberations.

### C.   Statement to the Jury

The Court will issue the following statement to the jury regarding the Court's summary judgment order: "It has been determined that the two patents are valid and infringed.  And you are to assume that for this trial.  The three issues before you are willfulness, actual notice of infringement of the '637 patent, and the reasonable royalty Defendants must pay Plaintiff."

## XII.   BIFURCATION

Plaintiff contends that the trial of this case will not be bifurcated. Defendant contends that the willfulness and damages should be stayed pending the appeal of the liability issue as presented in Defendants' Emergency Motion to Stay (ECF No. 195).  Alternatively, Defendants contend that the willfulness issue should be bifurcated. More specifically, Defendants contend that the issue of willfulness should go to the jury only after a determination of willfulness by the Court pursuant to *Bard Peripheral Vascular v. W.L. Gore & Assocs.*, 682 F.3d 1003 (Fed. Cir. 2012) (en banc).

The Court denies the motion to stay and has not authorized an interlocutory appeal under Robert Bosch, LLC v. Pylon Mfg. Corp., 719 F.3d 1305, 1320 (Fed. Cir. 2013).  (Doc. Nos. 172 and 196.)  The Court has previously advised the parties that the case is going forward.  (See id.)

The Court declines to bifurcate the trial.  The Court will take evidence on willfulness concurrently with the jury.  The Court will determine the first prong of the willfulness inquiry and the jury will determine the second prong of the willfulness inquiry.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

13cv1105

1

### XIII.   TIME

2      The estimated time for trial is three (3) days.  The parties are limited to eight

3  hours per side, all-inclusive.  This includes all time spent in trial, including but not

4  limited to opening statements, questioning the jurors, settling jury instructions, and

5  final arguments.  The Court limits voir dire to thirty (30) minutes per side.  This

6  time counts against the eight hour time limit.  If the parties use deposition

7  designations in lieu of live testimony, the Court instructs the parties to submit what

8  percentage of time spent on the deposition testimony each day is attributable to each

9  party to the clerk.

10      **IT IS SO ORDERED.**

11  DATED: October 21, 2014

12                                     _Marilyn L. Huff_

13                                     MARILYN L. HUFF, District Judge
                                       UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28